## Mathias *versus* The Superior Iron Company.

An iron company made coupon bonds, amounting in all to $300,000, interest payable semi-annually at 8 per cent., and secured them by mortgage to trustees on their real estate; they issued $280,000 of the bonds, $20,000 remaining in their hands. They offered their property for sale by sealed proposals; the sale to be subject to the mortgage of $300,000, due May 1st 1889, payment of the bid in excess of the mortgage to be made ¼ cash, the remainder in 4 equal annual payments, no bid to be received for less than $566,000 "including the amount of the mortgage." The defendant bid $605,000, and agreed " to pay $300,000 of the company's mortgage-bonds and interest, as and when the same mature," and the balance as stipulated in the offer. His bid was accepted. The company sued defendant for six months' interest on $20,000 of bonds remaining in their hands. *Held*, that he was liable for interest at 8 per cent., notwithstanding the bonds had not been issued by the company, $300,000 being part of the consideration, and being represented by all the bonds.

November 11th 1871. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the District Court of *Allegheny county* : No. 59, to October and November Term 1870.

This was an action of covenant commenced, November 5th 1870, by The Superior Iron Company against David Mathias.

The affidavit of claim was, that " the said David Mathias is justly indebted to the company in the sum of eight hundred dollars, with interest thereon from the 1st day of November 1870 ; that the said sum of money consists of the semi-annual interest due and payable on the 1st day of November 1870, upon 36 certain bonds of the Superior Iron Company, numbered as follows, to wit, No., &c. (32) for five hundred dollars each ; and No., &c. (4) for one thousand dollars each ; which said semi-annual interest as aforesaid the said David Mathias, on the 27th day of November 1869, promised to pay by a writing of that date, signed and executed by the said David Mathias, a true copy of which said writing is hereto attached as part hereof; that the said 36 bonds, before enumerated, are part and parcel of the three hundred thousand dollars of the Superior Iron Company's bonds, and the said eight hundred dollars, before mentioned, is part and parcel of the interest mentioned in the said writing of November 27th 1869, and which the said David Mathias therein promised to pay as and when the same matured; that the said interest or sum of eight hundred dollars is wholly due and unpaid, and that a demand has been made on the said David Mathias to pay the same."

The writing referred to in the affidavit was :—

"Pittsburg, November 26th 1869.

" William P. Shinn, Esq.,

Chairman of meeting of stockholders, Superior Iron Co.

" Sir : I offer six hundred and five thousand dollars for the

[Mathias *v.* Superior Iron Co.]

entire property of the Superior Iron Company, as defined in your advertisement of November 17th 1869, payable as follows :—

"1. I covenant for myself and assigns to pay three hundred thousand dollars of the company's mortgage-bonds and interest, 8 per cent. thereon, as and when the same matures.

"2. Seventy-six thousand two hundred and fifty dollars in cash on execution of the deed.

"3. Two hundred and twenty-eight thousand seven hundred and fifty dollars, in four equal annual payments of fifty-seven thousand one hundred and eighty-seven dollars and fifty cents, with interest at 6 per cent., payable semi-annually, for which I will give my bond, secured by mortgage on the premises."

Endorsed: "The Superior Iron Company having accepted the within bid, I hereby bind myself for the payments of the money, and the performance of the covenants therein mentioned and contained.

"Witness my hand and seal this 27th day of November 1869."

The affidavit of defence was :—

"David Mathias, defendant, * * * admits that he purchased from said company, plaintiffs, certain real estate in Allegheny and Fayette counties, and that a deed for said property was made to him by said company, dated January 1st 1870, which deed he accepted; that said deed was made to him in pursuance of a certain contract of sale agreed upon by him and said company, plaintiffs, on which contract they now sue, and deponent denies that under said contract he is liable to pay the amount now claimed; that said contract had its origin as follows : In November 17th 1869 the said company, plaintiffs, acting by direction of its stockholders at a regular and lawful meeting for that purpose held, issued a printed circular offering for sale all its property.

"In answer to this circular deponent became a bidder for said property, and his bid was duly and formally accepted by said company, plaintiffs, and a sale to him of said property by them duly ratified at a stockholders' meeting, and thereupon the deed before referred to made to him. Deponent's bid for said property was made in writing, and is as follows :"—

(The same as attached to the plaintiffs' affidavit.)

Deponent says that the said mortgage mentioned in said circular and in his bid, as a mortgage of $300,000, was one issued by said company to secure the payment of certain bonds to be issued by said company for the purpose of raising money to be put into their business, but said company never did issue $300,000 in bonds under said mortgage, but only the sum of $280,000, and that if the remaining $20,000 of bonds were ever printed and executed, the same remained and still remain, and were at the time of said sale to deponent, unissued and in the hands of said

20 P. F. Smith—11

company; and deponent denies that the said company are now or were when said contract was consummated, holders of said bonds for value, or that said bonds were anything other than said company's promise to pay itself, never issued or negotiated, and not the basis of any liability or responsibility whatsoever.

And deponent denies expressly that the property of said company, "as defined in their advertisement of November 17th 1869," and as bid for by him under the terms of said advertisement, was subject to a mortgage of $300,000, or that under his bid to pay $300,000, of the mortgage-bonds of said company, and interest "as and when the same mature," he is liable to pay anything but what said company were liable and are liable to pay under said mortgage, to wit, $280,000 of said bonds and interest thereon as aforesaid.

And deponent denies that there existed or now exists any liability on the part of said company to pay either the principal or the interest of said $20,000 of said bonds, unissued and held by themselves, or consequently any liability on him, said deponent, assuming as he does by the terms of said sale the same relation to said mortgage and bonds issued thereunder as said company held previous to said sale, and deponent denies that it was within either the letter or spirit of the terms of sale set forth in the circular hereinbefore referred to, and deponent's bid in answer to said circular, that he should pay to said company an amount equal to the amount of bonds which they had not issued, but still kept in their own hands, in addition to his cash payments and his assumption of said company's liability under said mortgage.

Deponent says further, that when he assumed the payment of outstanding bonds secured by said mortgage, he did so, on the supposition and with the understanding that the said company had realized the amount represented by said bonds, and that the same had entered into and enhanced the then value of their property to that extent; and that he did not promise or contract to pay interest on $300,000, and receive the benefit only of $280,000; and deponent denies that it is just or equitable or in accordance with his contract with said company, that they should demand that he do so without giving him the use, benefit and advantage of said $20,000, on which interest is now sued for.

Deponent denies that any interest is now due on said bonds numbered, named and recited in plaintiffs' affidavit of claim filed in this case, and denies that said bonds as recited were ever issued by the Superior Iron Company under the mortgage referred to, previous to January 1st 1870, or that the same have any legal existence whatsoever.

And deponent avers that up to this time he has fully complied with all the requirements of his contract with the plaintiffs, and

[Mathias *v.* Superior Iron Co.]

that he is not now indebted to them as they aver, or in any wise answerable in this suit.

The only part of the circular necessary to explain the case, is the following: * * *

"The sale will be made subject to the mortgage of $300,000, due May 1st 1889, and bearing interest at eight per cent. per annum, payable semi-annually.  Payment (of the amount bid in excess of the mortgage) to be made one-fourth in cash on delivery of the deed, and the remainder in four equal annual payments, with approved security, with interest at six per cent. per annum, payable semi-annually.  The property is to be sold to the highest bidder, but no bid will be received for a less amount than $566,000, including the amount of the mortgage." * * *

The plaintiffs, on the 17th of December 1870, obtained a rule to show cause why judgment should not be entered against the defendant for want of a sufficient affidavit of defence, and assigned the following reasons :—

1. Upon the facts disclosed in the affidavit of defence the plaintiffs are entitled to judgment.

2. The plaintiffs' affidavit of claim discloses a primâ facie right on the part of plaintiffs to a judgment against defendant for the entire amount claimed, and the affidavit of defence, so far as it alleges matter relevant and competent to the issue, does not traverse said affidavit of claim.

The court made the rule absolute, and the judgment was liquidated at $818.

The defendant took a writ of error, and assigned for error, that the court erred in making the rule for judgment absolute and in entering judgment against the defendant for $818, for want of a sufficient affidavit of defence.

*Hampton & Dalzell,* for plaintiff in error.

*G. Shiras, Jr.,* for defendants in error.

The opinion of the court was delivered, November 20th 1871, by

READ, J.—The decision of this case depends upon the construction to be placed upon a bid made by the defendant for the entire property of the plaintiffs as defined in their advertisement, and which was accepted by the plaintiffs on the 27th November 1869, and a deed made for the same, by the said company to the said defendant, dated the 1st day of January 1870, which deed he accepted and placed of record.

The offer or bid was "six hundred and five thousand dollars ($605,000);" this is clear and explicit; it was for so much money, the times of payment of which are regulated by the subsequent terms of the bid: "I covenant for myself and assigns to pay three

[Mathias *v.* Superior Iron Co.]

hundred thousand dollars of the company's mortgage-bonds and interest, 8 per cent. thereon, as and when the same matures"— that is, the principal on the 1st May 1887, and the interest semi-annually. This fixes the time of payment of $300,000 of the bid for $605,000.

"2. Seventy-six thousand two hundred and fifty dollars ($76,250) in cash on the execution of the deed.

"3. Two hundred and twenty-eight thousand seven hundred and fifty dollars ($228,750) in four equal annual payments of fifty-seven thousand one hundred and eighty-seven dollars and fifty cents ($57,187.50) with interest at 6 per cent., payable semi-annually, for which I will give my bond secured by mortgage on the premises."

The cash and postponed payments make $305,000, and with the $300,000 mortgage, bonds having seventeen years and four months to run, make up the full purchase-money of $605,000.

The effect, therefore, of the bid thus made and accepted, was to spread the payment of the $305,000 over four years, and extend the time of payment of the $300,000 seventeen years and four months. But it is alleged that of the mortgage-bonds only $280,000 were actually issued, and that $20,000 were still in the hands of the company, and therefore not contemplated by the defendant, who did not know the fact, although he had from the 27th November 1869 to the 1st January 1870, to make himself fully acquainted with the whole subject of his purchase, independent of any former connection with the company.

If the amount of unissued bonds had been $100,000, would it have been possible to say that $605,000 meant $505,000, and that this was the only amount the defendant contemplated paying, when he bid $100,000 more which was accepted by the plaintiffs?

The language is plain, and the intent to give the full and complete consideration-money of $605,000 is equally plain—and the defence set up failing entirely,

The judgment is affirmed.